

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 26S-JD-115



FILED

May 20 2026, 10:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

## In the Matter of the Honorable John M. Plummer III, Judge of the Lawrence Superior Court I,
*Respondent.*

Decided: May 20, 2026

Judicial Discipline Action

**Per Curiam Opinion**

Chief Justice Rush and Justices Massa, Slaughter, Goff, and Molter concur.

**Per curiam.**

We find that Respondent, the Honorable John M. Plummer III, Judge of the Lawrence Superior Court, committed judicial misconduct by ingesting marijuana over a four-month period, causing his impairment at a county council meeting and his otherwise erratic and agitated demeanor.

This matter is before us on the Indiana Commission on Judicial Qualifications' ("Commission's") "Notice of the Institution of Formal Proceedings and Statement of Charges" against Respondent. The parties jointly tendered a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating to the below facts and agreed sanction—a 60-day unpaid suspension.

## Procedural Background and Facts

Respondent took office as judge of the Lawrence Superior Court I in 2018. He presided over a general jurisdiction docket that included criminal and civil cases, as well as the county's domestic violence court. Respondent has been on a paid leave of absence since September 2025.

Between February and May 2025, Respondent consumed cannabis-infused gummies and vaped marijuana. A family member purchased the products in Michigan for Respondent and brought them to Respondent's Indiana home.

On April 30, 2025, Respondent appeared impaired and erratic at a county council meeting. While discussing court-related budget matters, Respondent spoke at length, exhibited pressured speech, and made comments that were tangential to the matters under consideration.

Allegations arose that Respondent had been acting in an erratic and agitated manner. On May 14, Respondent disclosed to another judicial officer that he had been consuming marijuana. He told others that he vaped "five puffs daily."

On June 27, the Commission issued its Notice of Investigation. It advised Respondent that it was investigating concerns relating to his alleged substance use. In response to the Commission's notice,

Respondent admitted to telling another judicial officer that he had occasionally used a small amount of THC to help him sleep. During its investigation, the Commission discovered that Respondent's substance use was more extensive than he acknowledged in his initial response.

The Commission deposed Respondent in November 2025. He provided contradictory, equivocal testimony regarding his substance use, including the following statements:

- "I can't remember if I told [a judicial officer] it was a vape or if it was a gummy or whatever, but – I can't remember."
- "I don't remember what [the family member] gave me. I think it was – I thought it was a gummy."
- "[The family member] might have" given Respondent a vape.
- "[I vaped] in college, but it was just that one time … that I told [a judicial officer] about."
- When asked whether he had ever vaped before, Respondent replied, "No. I don't think we had a vape in college."
- When asked whether Respondent uses alcohol or other substances, "No. In fact – and I was just trying to tell you that no, I do not."
- When asked directly if he had ever vaped marijuana, "Like I said earlier, no."
- When asked whether he purchased marijuana in Michigan, "No. I never did."

And while Respondent did not dispute the authenticity of the Commission's records documenting his marijuana use, he stated he had "reason to dispute that that actually happened." Respondent now agrees that his deposition testimony reflected a materially inconsistent and incomplete account of his marijuana use during the relevant period.

## Discussion

Respondent agrees that his conduct violated the following Code of Judicial Conduct provisions:

- Rule 1.1, requiring judges to comply with the law, including the Code of Judicial Conduct;

- Rule 1.2, requiring judges to act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and avoid impropriety and the appearance of impropriety; and
- Rule 2.16(A), requiring judges to cooperate and be candid and honest with judicial and lawyer disciplinary agencies.

The parties believe that a 60-day unpaid suspension from judicial service is warranted. We agree.

Fortunately, this Court has not needed to discipline many judicial officers for illicit substance use. But our sister states offer insight. We agree with the consensus that "[a] criminal act for which any citizen may be punished … is much more serious when the conduct is that of a judge." *In re King*, 857 So.2d 432, 448 (La. 2003). Indeed, hypocrisy abounds when a judge "sit[s] in judgment of others" for conduct that he himself commits. *In re Gilbert*, 668 N.W.2d 892, 896 (Mich. 2003), Weaver, J., dissenting. We have concluded similarly when disciplining prosecutors, as they are officers charged with the administration of law. *See*, *e.g.*, *Matter of Oliver*, 493 N.E.2d 1237, 1242 (Ind. 1986) (noting that the behaviors of judges and prosecutors have "the capacity to bolster or damage public esteem for the system different than that of attorneys otherwise in practice"); *Matter of Sims*, 665 N.E.2d 584, 585 (Ind. 1996) ("When those whose job it is to enforce the law break it instead, the public rightfully questions whether the system itself is worthy of respect.").

Judicial discipline proceedings are not only remedial in nature but intended to preserve the integrity of and public confidence in the judicial system. *Matter of Cox*, 275 N.E.3d 883, 889 (Ind. 2026). Here, witnesses grew concerned when Respondent appeared visibly impaired at a county council meeting. And others around him described his behavior during the relevant period as erratic and agitated. Respondent does not dispute that his possession and use of marijuana—at all relevant times, crimes in the state of Indiana—threatened the public's confidence in the judiciary.

We further note that Respondent was less than forthcoming regarding his marijuana use. *See Matter of Brown*, 4 N.E.3d 619, 629 (Ind. 2014) (observing that, despite her duty to cooperate with the investigative

process, the judge-respondent "provided factually inaccurate information" in her response to the Commission's complaint). Initially, Respondent minimized, equivocated, and provided half-truths about his substance use, a clear violation of Jud. Cond. R. 2.16(A).

Suspensions longer than 30 days reflect extremely serious judicial misconduct, just shy of what might warrant removal from office. *Matter of Cichowicz*, 213 N.E.3d 1022, 1024 (Ind. 2023) (quotations and citation omitted). Here, we allow Respondent to return to the bench for reasons outlined in the parties' agreement. Respondent's substance use occurred during a time of personal stress and instability, and he voluntarily sought therapeutic and psychiatric treatment. After examination, a neuropsychologist determined that Respondent does not have a substance use disorder. Respondent has not faced prior judicial or attorney discipline. And he has accepted—though, perhaps belatedly—responsibility for his misconduct. We believe these factors point to Respondent's ability to regain the public's confidence. *Matter of Hawkins*, 251 N.E.3d 1062, 1065 (Ind. 2025).

Finally, "we cannot overlook the fact that we are considering this matter following the parties' submission of a conditional agreement. Such agreements are often the product of lengthy negotiations and may merit a less severe sanction than might otherwise be imposed after a trial on the merits." *Matter of Meade*, 200 N.E.3d 448, 451–52 (Ind. 2023) (citations omitted).

# Conclusion

The Honorable John M. Plummer III shall be suspended without pay from judicial service for sixty (60) days commencing at 12:01 a.m. on May 21, 2026. The suspension shall terminate and Respondent shall automatically be reinstated to office at 12:01 a.m. on July 20, 2026. This discipline terminates the disciplinary proceedings relating to the circumstances giving rise to this case.

Rush, C.J., and Massa, Slaughter, Goff, and Molter, JJ., concur.

ATTORNEY FOR RESPONDENT

Glen E. Koch II

Boren Oliver & Coffey, LLP

Martinsville, Indiana

ATTORNEYS FOR INDIANA COMMISSION ON
JUDICIAL QUALIFICATIONS

Adrienne L. Meiring, Counsel to the Commission

Stephanie K. Bibbs, Deputy Director of Litigation

Conner R. Dickerson, Staff Attorney

Indianapolis, Indiana